IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-25,332-02, WR-25,332-03, WR-25,332-04






EX PARTE GARY D. BLAGG, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NOS. F-2002-1347-A, F-2002-1345-A, AND F-2002-1346-A IN THE
16TH JUDICIAL DISTRICT COURT OF DENTON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of three charges of aggravated robbery, and punishment was assessed at ninety-nine years'
confinement. Applicant's convictions were affirmed on appeal. Blagg v. State Nos. 2-03-468-CR, 2-03-469-CR, and 2-03-470-CR (Tex. App. --Fort Worth, delivered May 26, 2005,
no pet.).

 Applicant contends inter alia that his trial counsel was ineffective for failing to
request notice of the State's intention to introduce evidence of extraneous offenses, and for
failing to transmit a plea offer to Applicant..

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from defense counsel and the prosecutor, or it may order a
hearing. In the appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel requested notice of the State's intention to introduce evidence of
extraneous offenses, and if not, why not. The trial court shall also make findings as to
whether the prosecution made any plea offers prior to trial, and if so, whether counsel
communicated any such offers to Applicant. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1ST DAY OF MARCH, 2005.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.